UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Randy Boston, # 185615, | ) C/A No. 3:07-2757-GRA-JRM |
|                          Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| | ) for |
| South Carolina Department of Corrections; | ) *Partial* Summary Dismissal |
| Jon Ozmint, Director, | ) |
|                        Defendants. | ) |

## *Background of this Case*

The plaintiff is an inmate at the Kershaw Correctional Institution. He has submitted an amended Section 1983 complaint in the above-captioned case. In a separately-filed order the undersigned is authorizing service of process of the amended complaint upon SCDC Director Jon Ozmint, but not the South Carolina Department of Corrections.

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C.

1

§ 1915A, and the Prison Litigation Reform Act. The review[1] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[2] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978), *cert. denied*, *Moffitt v. Loe*, 446 U.S. 928 (1980); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, *Leeke v. Gordon*, 439 U.S. 970 (1978). The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, ___ U.S. ___, 75 U.S.L.W. 3643, 167 L.Ed.2d 1081, 127 S. Ct. 2197 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975). Even under this less stringent standard, the § 1983 complaint is subject to **partial** summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] *Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989)(insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

The South Carolina Department of Corrections, which is the "lead" defendant in this case, is entitled to summary dismissal under the Eleventh Amendment. The Eleventh Amendment divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department. *See, e.g., Federal Maritime Commission v. South Carolina State Ports Authority*, 535 U.S. 743 (2002); *Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 356 (2001); *Kimel v. Florida Board of Regents*, 528 U.S. 62 (2000); *Alden v. Maine*, 527 U.S. 706 (1999); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens); *Belcher v. South Carolina Board of Corrections*, 460 F. Supp. 805, 808-809 (D.S.C. 1978); and *Simmons v. South Carolina State Highway Dept.*, 195 F. Supp. 516, 517 (E.D.S.C. 1961).

Accordingly, I recommend that the District Court summarily dismiss the South Carolina Department of Corrections as a defendant in the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*; *Neitzke v. Williams*; *Haines v. Kerner*; *Brown v. Briscoe*, 998 F.2d 201, 202-204 4th Cir. 1993); *Boyce v. Alizaduh*; *Todd v. Baskerville*, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B) [essentially a redesignation of "old" 1915(d)]; and 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. The plaintiff's attention is directed to the Notice on the next page.

October 3, 2007                              Joseph R. McCrorey
Columbia, South Carolina              United States Magistrate Judge

3

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**

**Failure to timely file specific written objections to this Report and Recommendation will result in a waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.), *cert. denied*, *Schronce v. United States*, 467 U.S. 1208 (1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).