UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Randy Boston, # 185615, | ) | C/A No.: 3:07-cv-2757-GRA |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | (Written Opinion) |
| v. | ) | |
| | ) | |
| South Carolina Department of | ) | |
| Corrections and Jon Ozmint, Director, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter comes before the Court for review of the magistrate's Report and Recommendation filed on October 3, 2007, and made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C. Plaintiff filed this action on August 15, 2007, pursuant to 42 U.S.C. § 1983. The magistrate recommends that this Court summarily dismiss the South Carolina Department of Corrections (SCDC).

Plaintiff brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final

1

determination remains with the Court.  *Matthews v. Weber*, 423 U.S. 261, 270-71 (1976).  This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."    28 U.S.C. § 636(b)(1).    This Court may also "receive further evidence or recommit the matter to the magistrate with instructions."  *Id.*

In order for objections to be considered by a United States District Judge, the objections must be timely filed and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections.  Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91,94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985).  "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983). Plaintiff filed a timely objection.

Plaintiff argues that the magistrate erred by dismissing SCDC under the Eleventh Amendment because, "the expresed language therein only forbids suits by citizens of other states against a state [sic]." *Pl's Obj.* at 1.  As the magistrate noted in his Report

and Recommendation, the Eleventh Amendment also precludes suits against a state by its own citizens. *Hans v. Louisiana*, 134 U.S. 1 (1890); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 98 (1984). Therefore, the plaintiff's objection is without merit.

After a review of the magistrate's Report and Recommendation, this Court finds that it applies sound legal principles to the facts presented. Therefore, this Court adopts the Report and Recommendation in its entirety.

IT IS THEREFORE ORDERED THAT the South Carolina Department of Corrections be DISMISSED as a defendant, without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

_____

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

October 23, 2007
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties have the right to appeal this Order within thirty (30) days from the of the entry of this Order, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.