UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Randy Boston, #185615, | ) | C/A No.: 3:07-cv-2757-GRA-JRM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | (Written Opinion) |
| Jon Ozmint, Director of SCDC, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter comes before the Court to review the magistrate's Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., filed May 9, 2008. Plaintiff originally filed suit pursuant to 28 U.S.C. § 1983 on August 15, 2007, arguing that (1) the grievance policy used by SCDC does not adequately address inmate concerns; (2) the use of triple beds for the prisoners is neither safe nor comfortable; and (3) the bulk washing of inmate undergarments is neither effective nor safe.

Defendant moved for summary judgment on February 6, 2008. The magistrate issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising the plaintiff about the potential consequences of failing to respond to the defendant's motion. Plaintiff did not respond. On April 1, 2008, the magistrate gave the plaintiff an additional fifteen days to respond. On April 11, 2008, the plaintiff filed a response and, subsequently, the defendant filed a reply. The magistrate now recommends granting the defendant's motion for summary judgment.

Plaintiff brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). Plaintiff did not file any objections.

After a thorough review of the litigants' briefs, the magistrate's Report and Recommendation, and the relevant case law, this Court finds that the magistrate applied sound legal principles to the facts of this case. Therefore, this Court adopts the magistrate's Report and Recommendation in its entirety.

IT IS THEREFORE SO ORDERED THAT the defendant's motion for summary judgment be GRANTED.

IT IS SO ORDERED.

                                                                     _____
                                                                     G. ROSS ANDERSON, JR.
                                                                     UNITED STATES DISTRICT JUDGE

June 12, 2008
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within thirty (30) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**